J-A27007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELODY BOLTERSDORF | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN BOLTERSDORF, TERRY | : | |
| IRVIN AND GLORIA IRVIN | : | |
| | : | No. 952 MDA 2022 |
| | : | |
| APPEAL OF: MELODY ELLBERGER, | : | |
| F/K/A MELODY BOLTERSDORF | : | |

Appeal from the Order Entered June 6, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2017-FC-002455-03

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: DECEMBER 23, 2022**

Melody Ellberger f/k/a Melody Boltersdorf ("Mother") appeals *pro se* from the June 6, 2022 Order that granted the Petition for Modification of Custody filed by Terry and Gloria Irvin ("Paternal Grandparents") and reduced Mother's partial physical custody of her children, M.B. and N.B. (collectively, "Children"), to one weekend per month.  Upon review, we dismiss this appeal due to the substantial defects in Mother's Brief to this Court.

The relevant procedural and factual history is as follows.  Mother and Stephen Boltersdorf ("Father") (collectively, "Parents") are parents to M.B., born in June 2009, and N.B., born in August 2010.  Children have special needs and suffer from cerebral palsy and autism, respectively, among other

_____

[*] Retired Senior Judge assigned to the Superior Court.

disabilities. In 2017, Children were removed from Parents and placed in the care of Paternal Grandparents after the Chester County Children and Youth Services investigated allegations of truancy, neglect, and unsanitary living conditions.[1] On August 17, 2017, the juvenile court awarded Paternal Grandparents sole legal custody and primary physical custody of Children, Mother partial physical custody every Friday evening, and Father partial physical custody as agreed upon between Paternal Grandparents and Father.

On June 22, 2018, upon consideration of Mother's Complaint for Custody, the trial court ordered Paternal Grandparents to retain sole legal custody[2] and primary physical custody, but increased Mother's partial physical custody to every other weekend. During this time, Father lived with Children and Paternal Grandparents and continued to have periods of partial physical custody upon agreement of Paternal Grandparents.

On November 1, 2021, Paternal Grandparents filed a Petition to Modify Custody seeking to decrease Mother's custodial time alleging, *inter alia*, that Mother takes only one of the siblings for visits which upsets Children, frequently cancels her custody time, interferes in Children's medical care to

---

[1] Multiple animals lived in the home and contributed to the unsanitary living conditions, including numerous cats, a pot-belly pig, bearded dragons, and chickens.

[2] Specifically, the order states: "The [c]ourt awards sole legal custody and primary physical custody to Paternal Grandparents. . . Notwithstanding that Paternal Grandparents have sole legal custody, Father and Mother shall have access to the children's medical, dental, religious, and school records[.]" Final Order of Custody, 6/22/18 (emphasis omitted).

Children's detriment, and lives in a camper moving from campground to campground refusing to provide a physical location while N.B. is in her custody. *See* Petition for Modification, 11/1/21, at ¶ 6, 7, 8.

On June 6, 2022, after a custody trial, the trial court issued an Opinion and Final Order of Custody, which granted Paternal Grandparents' petition and reduced Mother's custodial time to one weekend per month. The trial court also noted that Mother is a participant in the Address Confidentiality Program and ordered that pursuant to 23 Pa.C.S. § 6708(3), the Office of Victim Advocate shall provide Mother's actual address to Paternal Grandparents' counsel. The court further ordered that Paternal Grandparents' counsel "shall not disclose the address of Mother absent an emergency." Order, 6/6/22, at 10-11.

Mother filed a timely *pro se* Notice of Appeal and a contemporaneous Rule 1925(b) statement, raising five issues. The trial court filed a responsive Rule 1925(a) opinion.

In her brief to this Court, Mother raises eight issues for our review. *See* Mother's Br. at 23-25. For the reasons discussed *infra*, we are unable to provide meaningful review of any of them.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro*

*se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, we are unable to provide meaningful review. Comprised primarily of personal grievances untethered to legal analysis and citations to the record, Mother's brief utterly fails to comport with our rules of appellate procedure. As a result, our review is fatally hampered and, accordingly, we are constrained to dismiss this appeal. Pa.R.A.P. 2101.

Specifically, in her Statement of the Case, Mother fails to reference the record as required by Rule 2117(a)(4), and impermissibly includes an attempt at persuasive argument in violation of Rule 2117(b). ***See*** Mother's Br. at 25-

27.  *See generally* Pa.R.A.P. 2117(a)-(b) (setting forth requirements for the statement of the case section).

In addition, Mother's Argument section is markedly underdeveloped and, at times, impossible to decipher.  Significantly, Mother fails to divide the argument into "as many parts as there are questions to be argued" pursuant to Rule 2119(a) and, instead, purports to include all eight of her claims in one disorganized and rambling Argument section.  Moreover, although Mother randomly cites to boilerplate legal authority throughout the brief, she fails to analyze and apply the cited law to the facts of this case as required by Rule 2119(a)-(c).  *See, e.g.,* Mother's Br. at 40-41, 43-45.  Most fatal to our review, Mother fails to provide any references to the record as required by Rule 2119(c).  *See generally* Pa.R.A.P. 2119 (a)-(c) (describing argument section requirements).

In sum, Mother's violations of the Rules of Appellate Procedure preclude this Court's meaningful review.  We decline to scour the record and may not develop arguments on Mother's behalf.  Accordingly, we are constrained to dismiss this appeal.[3]

Even if this Court were able to effectuate meaningful appellate review, we would affirm.  We agree with the reasoning of the trial court in its well-

---

[3] Mother's December 3, 2022 Motion for Sanctions is denied.

written and comprehensive June 6, 2022 and July 20, 2022 opinions and discern no abuse of discretion.[4]

Appeal dismissed. Motion for Sanctions denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2022

---

[4] Moreover, if this court were not constrained to dismiss this appeal due to briefing defects, we would be unable to address Mother's final three issues contained in her brief because she failed to include them in her Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").